UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA JEAN DRIY,

        Movant,

                                    File No. 1:05-CV-848

v.

                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                /

## **OPINION**

This matter comes before the Court on Movant Barbara Jean Driy's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### **I.**

On September 13, 2004, Movant entered a plea of guilty pursuant to a written plea agreement to one count of forging checks in violation of 18 U.S.C. § 513(a) and (c). In the plea agreement, Movant agreed that the total amount of loss exceeded $7 million. Movant also agreed to accept a base offense level of 6, *see* U.S.S.G. § 2B1.1(a)(2), together with a 20-level enhancement for the amount of loss, *see* U.S.S.G. § 2B1.1(B)(1)(K). She further agreed that she derived more than $1 million in gross receipts from one or more financial institutions, for an increase of two levels, *see* U.S.S.G. § 2B1.11(b)(12)(A). In addition, she agreed to a two-level increase for the abuse of a position of trust, *see* U.S.S.G. § 3B1.3. For its part, the government agreed not to oppose a two-level reduction for acceptance of

responsibility and to move for a further one-level reduction for making her plea in a timely fashion, pursuant to U.S.S.G. § 3E1.1 .

Movant was sentenced on February 28, 2005 to a term of 90 months and restitution of $2,258,784.74. Movant did not appeal her conviction or sentence.

On December 23, 2005, Movant filed the instant § 2255 motion.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### III.

Movant contends that her sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005), because this Court increased her sentence based on findings of fact that were not found by a jury and were not admitted by Movant.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury.  The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines.  In *Booker*, 543 U.S. 220, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines.  The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial

3

requirements of the Sixth Amendment.  According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id*. at 244.  Movant contends that, notwithstanding the fact that she was sentenced after the Supreme Court's decision in *Booker*, the Court impermissibly applied mandatory Sentencing Guidelines.

Because she failed to raise her claim on direct appeal, Movant's Sixth Amendment claim is procedurally defaulted.  *Bousley*, 523 U.S. at 622.  As a result, in order for the Court to consider the claim, Movant first must demonstrate either cause for the default and actual prejudice or that she is actually innocent.  *Id.*

To show cause excusing a procedural default, a defendant must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  To show prejudice, a defendant must demonstrate an error that worked to her actual and substantial disadvantage. *Frady*, 456 U.S. at 170.  Failure to show one or the other will preclude review of her claim. *See Engel v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

As cause for her procedural default, Movant claims that she was deprived of the effective assistance of counsel when counsel failed adequately to advise her that her

4

agreement to plead to monetary loss of more than $7 million would result in a dramatically increased offense level and a concomitantly increased term of sentence. She further suggests that counsel rendered ineffective assistance by failing to object to the Court's application of the guidelines as mandatory, rather than discretionary.

Attorney error may constitute cause excusing a procedural default if the error amounts to the ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that

range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Movant cannot demonstrate either prong of the *Strickland* standard. First, the record is clear that Movant was informed of the consequence of her plea. Not only did the plea agreement expressly inform Movant that the amount of loss would subject her to a 20-level increase in the offense level, but also the government specifically described for the Court the manner in which the $7 million loss was calculated. The loss amount included the amount of funds taken through forged checks, the amount of inventory overstatement that supported bank loans, and the impact of the collapse of a multi-million dollar business. (Plea Tr. at 19-20: docket #18.) In addition, during the plea colloquy, the Magistrate Judge expressly advised Movant that the amount of loss would likely have a significant impact on the severity of her sentence. (Plea Tr. at 25-26: docket #18.) Movant acknowledged that she understood the impact of her agreement to plead to the $7 million loss. And she testified on the record as to the facts supporting that plea amount. (Plea Tr. at 32: docket #18.) Finally, she testified on the record as to her satisfaction with the advice given by her attorney. (Plea Tr. at 39: docket #18.)

As a consequence, Movant's contention that she was unaware of the consequences of her agreement to plead guilty to a $7 million loss is directly contradicted by the plea agreement and the plea transcript. Movant acknowledged on the record both her own understanding and her satisfaction with counsel's advice. In addition, contrary to Movant's

suggestion, counsel in fact lodged an objection to any judicial factfinding in the wake of the Supreme Court's decision in *Booker*. As a result, Movant cannot demonstrate that counsel was ineffective in failing to advise her of the consequences of her decision to plead to an amount of loss of $7 million or in failing to object to the application of the Sentencing Guidelines.

Even if she could demonstrate cause, however, Movant is unable to show prejudice. Under the prejudice prong of the Strickland test, the "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 303 F.3d 733, 737 (6th Cir. 2003).

Movant does not even suggest that, but for her attorney's errors, she would not have pleaded guilty and would have proceeded to trial. In fact, she expressly disclaims any desire to withdraw her guilty plea. (See § 2255 motion, Ex. 1 at 18.) Movant therefore fails to demonstrate the requisite prejudice.

Because Movant has failed to demonstrate cause and prejudice excusing her procedural default, she is barred from raising her *Booker* claim in this § 2255 motion.

However, even were the Court to excuse her procedural default, Movant's claim would be rejected as frivolous.

Although the *Booker* Court found that application of the Sentencing Guidelines under 18 U.S.C. § 3553 violated the Sixth Amendment, the Supreme Court resolved the Sixth Amendment issue by striking only those portions of the statute making the Guidelines mandatory and establishing a *de novo* standard of appellate review. *Booker*, 543 U.S. at 259 (discussing 18 U.S.C. §§ 3553(b)(1), 3742(e)). The Court declined to invalidate the remainder of the statute, leaving intact 18 U.S.C. § 3553(a), which requires judges to consider the Guidelines sentencing range among other factors in determining what constitutes a fair, just and reasonable sentence. *Id.* at 261.

Following *Booker*, the Sixth Circuit repeatedly has confirmed that district courts continue to have both the power and the duty to engage in fact-finding. *See United States v. Milan*, 398 F.3d 445 (6th Cir. 2005); *U.S. v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005).

> *Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead[ed] guilty. Instead, it merely gave district courts the option to sentence a defendant differently than the Guidelines would require after calculating the Guideline range. Id. at 764, 769. District courts still must consult the Guidelines in determining an appropriate sentence."

*Williams*, 411 F.3d at 678; *see also United States v. Stone,* 432 F.3d 651, 654-55 (6th Cir. 2005) ("Booker did not eliminate judicial fact-finding. Instead, the remedial majority gave district courts the option, after calculating the Guideline range, to sentence a defendant outside the resulting Guideline range.").

In the instant case, the Court's sentence was entirely consistent with *Booker*. First, Movant expressly agreed to the amount of the loss. The Court's acceptance of $7 million as the amount of loss was based on Movant's own admission, not on independent factfinding. As a result, the finding in issue is specifically excepted from the *Booker* reasoning. *See Booker*, 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by *the facts established by a plea of guilty . . . must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added).

Second, at the time Movant signed her plea agreement and entered her plea, she agreed to the application of the Sentencing Guidelines, and she acknowledged on the record that she understood that application of the Sentencing Guidelines was uncertain in light of the pendency of the *Booker* case. (Plea Agreement, ¶¶ 6, 7: Docket #15; Plea Tr. at 27: Docket #18.) At sentencing, held after *Booker* was decided, the Court and the parties discussed the nature of the Supreme Court's decision in *Booker*, expressly noting that the Court was required to calculate the Guidelines and find appropriate facts, though the Guidelines were no longer mandatory, but were advisory. (Sent. Tr. at 5-6, 19, 25: Docket #33.) The Court rejected defense counsel's request that the Court exercise its discretion to impose a sentence below the Guideline range, concluding that such a sentence would not be fair and just under *Booker*. (Sent. Tr. at 25: Docket #33.) The Court concluded that the applicable Guideline range, while advisory only, was reasonable, and it sentenced Movant

9

to a term of 90 months, three months more than the minimum sentence under the Guidelines. (Sent. Tr. at 25: Docket #33.)  In sum, Movant's claim that the Court viewed the Guidelines as mandatory is wholly unsupported by the record.

Based on the clear record, Movant is not entitled to relief on her motion both because her claim is procedurally defaulted and because it lacks merit.  *Booker* does not bar judicial factfinding, and the Court properly applied the applicable law in sentencing Movant. Accordingly, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 must fail.

## IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:     April 4, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE